IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAN D. GRAHAM                                                                                           PLAINTIFF

V.                                                                                              CASE NO. 3:11-CV-00068

WAL-MART STORES, INC. AND
SAMMY SAPPINGTON,
JOINTLY AND INDIVIDUALLY                                                                           DEFENDANTS

ORDER

This cause comes before the court on the plaintiff's motion [13] to remand the case to the Circuit Court of Pontotoc County, Mississippi. The defendants have responded in opposition. Having considered the motion and submissions of the parties, the court is prepared to rule.

Plaintiff Jan D. Graham is a former sales representative for Kraft Foods Global. Graham was responsible for ordering and merchandising Nabisco products for Kraft's customers, which included Defendant Wal-Mart Stores, Inc. Whenever she received damaged or otherwise unsaleable products, Kraft 's policy required her to document the product, issue a credit to the store, and dispose of the product. Graham claims the company did not have any policies or procedures on how the products were to be disposed.

On July 16, 2009, Graham delivered products to the Wal-Mart store in Fulton, Mississippi. Two packages of crackers were damaged. Graham documented the crackers and issued a credit to Wal-Mart. She then took the crackers out of the store to give to her friend, who was a Wal-Mart employee. Graham placed the crackers as well as damaged products from other stores in her friend's car. Another Wal-Mart employee saw this and reported it to the store's market manager, Sammy Sappington. Wal-Mart investigated the matter and on July 20, 2009,

1

advised Kraft that Graham was no longer allowed to service its accounts. Graham's supervisor unsuccessfully tried to persuade the company to change its position. On July 30, 2009, Kraft terminated Graham.

On June 7, 2010, Graham filed a complaint for defamation and tortious interference with contract against Wal-Mart and Sappington in the Circuit Court of Pontotoc County, Mississippi. Graham asserts that Wal-Mart banned her from its store and pressured Kraft to terminate her. She also claims that her reputation is damaged due to the defendants treating her like a thief. Graham and Sappington are Mississippi residents. Wal-Mart is a Delaware corporation with its principal place of business in Arkansas. On May 31, 2011, Wal-Mart and Sappington removed the case to this court, alleging that federal diversity jurisdiction exists because the plaintiff improperly joined Sappington to the lawsuit. The defendants assert that Graham has no reasonable basis for recovery against Sappington. They contend that the plaintiff cannot make a valid claim for defamation or tortious interference with contract against Sappington because he was acting within the scope of his employment at all times alleged.

Graham now moves for remand, arguing that she did not fraudulently join Sappington to the lawsuit and therefore, the court lacks subject matter jurisdiction. She maintains that if the alleged facts are proven, both defendants will be jointly liable for tortious conduct. Graham also argues that she should be awarded attorneys' fees for improper removal. She plans to add another non-diverse defendant, Wal-Mart manager Shannon Moore, to the case.

Title 28 U.S.C. § 1441(a) allows defendants to remove civil actions filed "in a State court of which the district courts of the United States have original jurisdiction." Federal district courts have original subject matter jurisdiction over all civil cases where the amount in

controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Improper joinder is a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir. 2011). The doctrine of fraudulent joinder ensures that an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction based on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

When fraudulent joinder is asserted, the court ignores all "non-diverse parties on the record in state court at the time of removal." *Borden v. Allstate Ins. Co.*, 589 F.3d at 171. (quoting *Cobb v. Delta Exports, Inc*. 186 F.3d 675, 677 (5th Cir. 1999)). The court may pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition transcripts. *Hart*, 199 F.3d at 246-47. In determining whether there is a valid claim for fraudulent joinder, the court must view all facts and resolve any ambiguities in the controlling state law in favor of the plaintiff. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

The removing party bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse [defendant] in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Rather than a "mere theoretical possibility of recovery,"

there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d at 648 (5th Cir. 2003) (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

The defendants herein argue fraudulent joinder under the second method of proof: the plaintiff's inability to establish a claim against Sappington. In her complaint, Graham asserts that Wal-Mart and Sappington defamed her and tortiously interfered with her employment contract. The court will evaluate whether Graham could maintain either of these claims in state court.

Under Mississippi law, a plaintiff seeking relief for defamation must prove: (1) the defendant made a false and defamatory statement about her; (2) there was an unprivileged publication to a third party; (3) fault amounting "at least to negligence on the part of the publisher; and (4) either actionability of [the] statement irrespective of special harm or existence of special harm caused by publication." *Smith v. Magnolia Lady, Inc.*, 925 So. 2d 898, 904 (Miss. Ct. App. 2006) (quoting *Armistead v. Minor*, 815 So. 2d 1189,1193 (Miss. 2002)). A defamatory statement tends to injure a plaintiff's reputation, expose her to "public hatred, contempt or ridicule, degrade [her] in society, lessen [her] in public esteem or lower [her] in the confidence of the community." *Smith*, 925 So. 2d at 905 (internal citations omitted).

Graham has not alleged sufficient facts to make a valid claim for defamation against Sappington. Graham claims that the defendants told third parties she was fired for shoplifting and as a result, she is now regarded as a thief. However, she testified during her deposition that she does not know what defamatory statements were made about her, who said them, or to whom they were published. Graham Dep. 113:1-6. To succeed on her defamation claim, the plaintiff must be able show that Sappington made a false and defamatory statement about her to a third

4

party. By her admission, she does not know what defamatory statement if any was made, who made it, or who heard it. Graham only assumes Sappington defamed her, but she is unable to prove this assumption. Further, she has not alleged sufficient facts to show that either defendant defamed her because she does not know what the defamatory statement is. Therefore, her claim against Sappington must fail.

The court now considers Graham's tortious interference claim. Mississippi law requires plaintiffs alleging tortious interference with contract to show that the defendant's acts (1) were willful and intentional; (2) were calculated to cause harm to the plaintiff in her lawful business; (3) were done to cause damage and loss, without right or justifiable cause, amounting to malice; and (4) resulted in actual damage and loss. *Par Industries Inc. v. Target Container Co.*, 708 So. 2d 44, 48 (Miss. 1998). Plaintiffs must also show that but for the alleged interference, the contract would have been performed. *Id*.

The parties dispute whether Sappington or another Wal-Mart employee was responsible for stopping Graham from servicing Wal-Mart accounts. The plaintiff claims that Sappington was responsible, whereas the defendants assert that another manager made the decision. Regardless of whether Sappington was responsible for the adverse action, Graham cannot show that Sappington's actions were calculated to cause harm to her employment with Kraft. In the plaintiff's termination letter, Kraft states that Graham violated the company's process on handling unsaleable credits as well as Wal-Mart's procedures. Defendant Sappington did not witness the plaintiff placing products in the Wal-Mart associate's vehicle. The matter was reported to him. He acted based on the information he received from Wal-Mart's investigation, which was independent from any of Kraft's actions. Nothing suggests that Sappington acted

5

maliciously or without justifiable cause.  Therefore, the plaintiff cannot prove the necessary elements for a tortious interference claim.

In addition, the plaintiff cannot hold Sappington individually liable for the alleged interference because his actions are privileged.  A party "occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person." *Morrison v. Mississippi Enter. for Tech., Inc.*, 798 So. 2d 567, 574 (Miss. Ct. App. 2001) (quoting *Shaw v. Burchfield*, 481 So. 2d 247, 256 (Miss. 1985)).  Sappington held a position of responsibility on Wal-Mart's behalf.  He carried out his managerial responsibilities when he responded to the situation with Graham.  The plaintiff does not allege that Sappington acted in bad faith or outside of his employment.  Therefore, she cannot maintain an individual cause of action against him.

Although the plaintiff states that she plans to add another non-diverse defendant, the court only considers the citizenship of the defendants currently in the case.

Based on the above analysis, the court finds there is no reasonable basis for predicting that Mississippi law would allow Graham to recover against Sappington.  Therefore, federal diversity jurisdiction exists, and the motion to remand is DENIED.  Sammy Sappington is dismissed from this case.

SO ORDERED, this the 2nd day of May, 2012.

                                                **/s/ MICHAEL P. MILLS**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**
                                                **NORTHERN DISTRICT OF MISSISSIPPI**